UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 11-23330-CIV-ROSENBAUM/SELTZER

DAVID WELCH,

        Plaintiff,

v.

FLORIDA DEPARTMENT OF CHILDREN
AND FAMILIES,

        Defendant.
_____/

**ORDER**

This matter is before the Court upon an independent review of the record. Jury trial in this case was scheduled to begin on September 24, 2012, and the Court cleared its schedule to conduct the trial. *See* D.E. 167. On September 23, 2012, the parties filed their Joint Notice of Settlement [D.E. 166], in which they stated, "[T] parties jointly notify this court of the settlement of this matter. Within ten days, the parties will submit an appropriate Order for Dismissal . . . ." *Id.* Ten days came and went without a further filing. When the Court inquired of the parties, the parties assured the Court that they would file the appropriate paperwork dismissing the case in short order. Finally, the Court advised the parties that the paperwork must be filed by October 30, 2012.

But on October 30, 2012, the parties did not file a stipulation of dismissal. Instead, they filed their Joint Notice of Approval of Settlement Documents [D.E. 168]. Like the September 23, 2012, Joint Notice of Settlement [D..E. 166], this filing once again promises the filing of a stipulation of dismissal — this time "within the next several days": "[T]he parties jointly inform this court of the

approval of the settlement documents.  The parties are circulating the settlement documents for signature, and will file appropriate case-dispositive documents with the court within the next several days, including an appropriate Order for Dismissal . . . ."  D.E. 168.

While the Court appreciates the parties' efforts in settling the case, five weeks have passed since the parties first notified the Court that the case was settled and that they would file a stipulation of dismissal within ten days.  And five weeks have passed since the Court canceled the trial in this matter because the parties advised the Court that the case had settled.  The parties have provided no explanation as to why they could not file their stipulation of dismissal within the original ten-day period, let alone the five weeks that have elapsed since the parties announced their settlement.  Nor does the record contain any other indication of activity by either party.  It is time now for the parties to file their Stipulation of Dismissal.  **Therefore, the parties shall file their Stipulation of Dismissal by no later than November 7, 2012**.  **No further extensions will be granted**.  If the parties do not file their Stipulation of Dismissal by November 7, 2012, the Court will dismiss the case for failure to prosecute.

**DONE and ORDERED** this 31st day of October 2012.

_____
ROBIN S. ROSENBAUM
UNITED STATES DISTRICT JUDGE

copies:

The Honorable Barry S. Seltzer

Counsel of Record